**Liviu Valer–Simion GOREA; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71534.

Agency Nos. A70–669–242, A70–669–243.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 7, 2003.*

Decided Dec. 4, 2003.

Alexa L. Forte, Lake Oswego, OR, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, District Counsel, Office of the District Counsel, Portland, OR, Terri J. Scadron, Lyle D. Jentzer, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before GOODWIN, ALARCON, and RAWLINSON, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

MEMORANDUM\*\*

Liviu Valer–Simion Gorea and Josefina Lucia Gorea, citizens of Romania, appeal the BIA's denial of their applications for asylum and withholding of deportation.

To be eligible for asylum protection, the Goreas must show that either the husband or wife "is unable or unwilling to return to [Romania] because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Melkonian v. Ashcroft*, 320 F.3d 1061, 1064 (9th Cir.2003) (citing 8 U.S.C. § 1101(a)(42)(A)) (internal quotation marks omitted).

The fact that the Goreas lost specific jobs because of their politics does not compel a finding of persecution, especially because they both found other work. *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir.2003) (holding that employment discrimination "is not the type of economic deprivation that rises to the level of persecution").

Moreover, the fact that the Goreas have established a successful business and that the government has not interfered with that business shows a lack of persecution. *See Khourassany v. INS*, 208 F.3d 1096, 1101 (9th Cir.2000) (holding that there is no persecution when one of Petitioner's businesses is forced to close, because the Petitioner continued to operate his other businesses without interference).

This Court also recognizes that a finding of persecution is far less likely when Petitioners retain their passports and are able to travel freely within the country and to leave the country without hindrance, as the Goreas did. *See id.*

Liviu's three detentions for questioning by the police (all lasting less than six hours) over three years does not compel a finding of past persecution, even though Liviu was slapped and kicked in the ribs during the first detention. *See Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995) (holding that abuse during a several-hour detention does not compel a finding of past persecution).

Josefina's detentions do not compel a finding of persecution, because she was never harmed during her brief detentions and the police officers made only unfulfilled or unspecified threats. *Khourassany*, 208 F.3d at 1100–01 (holding that repeated detention and questioning by the police does not constitute persecution).

The Goreas have not shown that the physical assault on Josefina occurred because of her political beliefs. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (explaining that the factfinder is not compelled to find past persecution based upon physical violence without evidence that the incident was officially sponsored).

Although a reasonable factfinder *could* have found that all the above incidents, taken together, establish past persecution, the factfinder was not *compelled* to find past persecution based on these incidents. *See Nagoulko*, 333 F.3d at 1018.

Having failed to meet the standard for asylum, the Goreas necessarily fail to meet the more stringent requirement for withholding of deportation. *See Khourassany*, 208 F.3d at 1101.

**PETITION DENIED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.